Dear Ms. Harris-Kennerson:
As legal advisor to the Greater Krotz Springs Port Commission ("the Commission"), and as authorized by resolution of that commission, you have requested an opinion of the Attorney General on the following: Can the Commission purchase vacant land in St. Landry Parish that will not be used for the operation of the Port of Krotz Springs, but will be used only for a possible exchange for privately-owned real property adjacent to the Port?
The Commission is a political subdivision (Op. A.G. 99-358) and, as such, has authority under La. Const. Art. 6, Sec. 23 to acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise, subject to restrictions provided by general law.
Under La.R.S. 34:1456, the Commission is authorized to acquire by expropriation in accordance with the expropriation law of the state of Louisiana any wharves, landings or any other properties necessary for the benefit and advantage of the commerce of the Commission.
The rights, powers and duties of the Commission are defined in La.R.S. 34:1453, which states, in pertinent part, that:
 C. The commission shall regulate the commerce and traffic within such port area in such manner as may, in its judgment, be for the best interest of the state. It shall have charge of, and administer public wharves, docks, sheds and landings and shall be empowered to construct or acquire and equip wharves and landings and other structures useful for the commerce of the port area and to provide mechanical facilities therefor; to erect sheds or other structures on such wharves and landings; to maintain proper depths of water at all such wharves and landings; to provide light, water, police protection and other services for its facilities as it may deem advisable; to construct or acquire, maintain and operate basins, locks, canals, warehouses and elevators; to charge for the use of all facilities administered by it and for all services rendered by it, such fees, rates, tariffs, or other charges as it may establish; to establish harbor lines within the port area by agreement with the Corps of Engineers; and to construct, own, operate and maintain terminal rail facilities and other common carrier rail facilities for the purpose of rendering rail transportation to and from the facilities to be erected, owned and operated by the commission in both intrastate and interstate commerce. The legislature may confer additional powers upon the commission, not inconsistent with the provisions hereof {Emphasis supplied].
The Commission, unlike natural persons, possesses only those powers granted to it by the constitution and statutes of Louisiana. Although the Commission can obtain real property by purchase, expropriation, or otherwise, such property can be obtained only for a "public purpose" (La. Const. Art. 6, Sec. 23); can be expropriated only for the "benefit and advantage of the commerce of the Commission" (La.R.S. 34:1456); and, in accordance with said Art. 6, Sec. 23, can be obtained only for the purposes specified in La.R.S. 34:1453, all of which directly relate to the operation of the port and its necessary facilities, including acquisition and operation of wharves, landings, structures, mechanical facilities, basins, locks, canals, warehouses, elevators, and railways.
We have found no other laws that grant the Commission any other or additional powers to obtain or to use real estate, for any purposes other than those listed above. We cannot find any provision of law that grants to the Commission the authority to acquire any real property that is not to be used for a public purpose, namely the commerce of the Port of Krotz Springs. It should also be noted that the Commission has not, in its request for an opinion, given any reason why the Commission could not lawfully obtain the needed real property adjacent to the port, by purchase or expropriation, or why the proposed exchange would be necessary or even advisable.
It is the opinion of the Attorney General that the Greater Krotz Springs Port Commission cannot obtain real property which is not to be used for the commerce of the Port, but which is to be obtained only for possible future exchange for privately-owned property that is adjacent to the port.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL By: ______________________________________
 TERRY F. HESSICK Assistant Attorney General